**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Odalis Gonzalez</u>

    v.                                                       Civil No. 05-cv-252-PB

<u>Bruce W. Cattell, Warden,
New Hampshire State Prison</u>

**O R D E R**

Before the Court is Odalis Gonzalez's "Petition for Writ of Habeas Corpus" (document no. 1), filed pursuant to 28 U.S.C. § 2254. Gonzalez has also filed a "Motion to Stay and Hold in Abeyance" (document no. 3). The matter is before me for preliminary review. <u>See</u> Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid); <u>see</u> <u>also</u> United States District Court for the District of New Hampshire Local Rule 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings).

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review and

to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual

averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. <u>See</u> <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Gonzalez is an inmate at the New Hampshire State Prison. He was convicted on October 31, 2002 of narcotics charges and sentenced to fifteen to thirty years in prison. Gonzalez's conviction was affirmed by the New Hampshire Supreme Court on July 14, 2004. The appeal to the New Hampshire Supreme Court contained one issue regarding the admission of certain evidence at trial. Petitioner now alleges that many additional issues that were ripe for appellate review were not raised in his appeal and that he was denied the effective assistance of counsel on appeal. Petitioner further alleges violations of his rights under the the Due Process Clause of the United States Constitution. Gonzalez has not specified with particularity the content of the claims he intends to raise in this petition.

Gonzalez intends to file a motion for a new trial in the state trial court raising the issues he alludes to here, while also exhausting them for purposes of federal habeas review. To

that end, he seeks a two-year stay of his instant petition to allow him the two years permitted under state law to file his motion for a new trial.[1]

## Discussion

To be eligible for habeas relief, Gonzalez must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process. See 28 U.S.C. § 2241 and § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir. 1981). Gonzalez satisfies the first requirement as he is currently serving his sentence at the New Hampshire State Prison and is thus in custody. However, as petitioner concedes, the petition does not establish satisfaction of the exhaustion requirement at this time.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v.

---

[1] It is noteworthy that this petition appears to have been filed one week before the expiration of the one-year limitations period for filing federal habeas petitions.

Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

To date, Gonzalez has not stated what claims he intends to pursue in this petition. Rather than dismiss the petition entirely for failing to state any claim that is facially sufficient to warrant that the petition be answered, I will direct Gonzalez to amend his petition within thirty days of the date of this order to identify for this Court what claims he intends to raise in his federal habeas petition.

Because Gonzalez will have to demonstrate exhaustion of those claims before his petition is allowed to proceed, I will give Gonzalez the opportunity to return to the state courts and exhaust his claims in those courts. I cannot find, however, that Gonzalez will reasonably require two years of preparation time

prior to filing his motion for a new trial. Instead, I will direct Gonzalez to return to the state court and file his motion for a new trial within thirty days of the date of this Order. Upon filing his motion for new trial, Gonzalez must notify this Court that the motion for a new trial has been filed, and must forward a copy of that motion with his notice to this Court within ten days of its filing in the state court. Upon receipt of that notice, this matter will be stayed pending the completion of the state court post-conviction litigation of the claims presented here.

The Supreme Court has recently decided that a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 125 S.Ct. 1528, 1531 (2005); see also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) ("There is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies."). Staying unexhausted

claims is "the preferable course in many cases involving 'mixed' petitions – and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack." Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 14 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely"). Gonzalez has alleged that one issue that entitles him to relief has been presented to the New Hampshire Supreme Court, but that he intends to raise other issues that have yet to be presented to the state courts for consideration.

It is clear that dismissal of this petition will imperil the timeliness of the claim that may already have been exhausted, as well as those that have yet to be exhausted. There is nothing before the Court to indicate that "the petitioner engaged in intentionally dilatory litigation tactics" either in pursuing his claims in the state courts or in this Court. Rhines, 125 S.Ct. at 1531. Liberally construing the petition as I must, I find that while petitioner has not at this time made a specific showing of good cause for his failure to exhaust the federal

nature of his claims, he has demonstrated that he has made efforts to exhaust at least one of his claims in state court. The Court further notes that Gonzalez asserts that he does not speak english as a first language, and that he is a *pro se* litigant not well-versed in the complexities of the law.  See Rhines, 125 S.Ct. at 1536 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner." (internal citation omitted)); see also id. (Souter, J., concurring) (*pro se* habeas petitioners do not come well trained to address tricky exhaustion determinations).

I cannot conclude at this stage of the proceedings that Gonzalez's yet to be raised claims could not present meritorious challenges to his conviction and/or sentence.  Under the circumstances presented herein, the Court finds that the proper course of action is to stay this petition pending Gonzalez's identification and exhaustion of all of his claims, and compliance with the directives in this Order.

## Conclusion

Gonzalez is ordered to amend his federal habeas petition within thirty days of the date of this Order to identify each of

the claims he intends to present in this court, including the federal nature of each claim.  Gonzalez is further ordered to commence state court action on his motion for a new trial within thirty days of the date of this Order.  Gonzalez must then notify this Court within ten days of his state court filing that the state court motion for a new trial has been filed and that the habeas claims before this Court, including the federal nature of those claims, have been presented in that motion.  Gonzalez must include a copy of his state court filing in this Court with that notification.  Once these documents and pleadings are received, Gonzalez's federal habeas petition will be stayed to allow him to complete exhaustion of his claims in the state courts.

   Once the federal habeas petition is stayed, Gonzalez is ordered to contact this Court every 90 days while seeking exhaustion of his claims in the state courts, beginning 90 days from the date of the Order staying his petition, to notify the Court that the matter is still pending in the state courts and has not been decided, or to report any change in the status of the state court proceedings.  When the New Hampshire Supreme Court has ruled on each of his claims, and the claims are thus exhausted, Gonzalez must, within 30 days of being notified of the

Supreme Court's final ruling, notify this Court of that ruling, submit to this Court the New Hampshire Supreme Court's ruling, as well as all briefs or other pleadings filed in that court, and file a request that this Court further consider his petition.[2]

Failure to amend his federal habeas petition and to notify the Court of his actions in the state court, as directed above, may result in the dismissal of the petition for failing to demonstrate exhaustion of the claims presented.[3]

**SO ORDERED.**

                                            _____
                                            James R. Muirhead
                                            United States Magistrate Judge

Date:     July 18, 2005

cc:       Odalis Gonzalez, *pro se*

---

[2] Gonzalez would be well-advised to submit all of the relevant pleadings, notices of appeal, court decisions and other documents relevant to each of his claims demonstrating that the claims and the federal nature of the claims were in fact presented to the state courts as alleged in his amended petition notifying this Court that exhaustion has been completed.

[3] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Gonzalez's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).